The appellant having brought an action on the case against the appellee in the County Court of Essex, a verdict and judgment were given for the defendant in August, 1801. The plaintiff appealed to the District Court of King and Queen, where the judgment was affirmed, and from the judgment of affirmance the plaintiff again appealed.
The declaration as amended is in assump-sit. The first count is a general indebita-tus assumpsit for a negro slave, a tract of land, divers sums of money had and received, and divers sums of money laid out and expended. The sum in which the intestate is said to be indebted on all these accounts is 2501. but the amount of each is not distinguished. The second count is quantum valebat for a *negro slave sold and delivered. — The third is a special indebitatus assumpsit, stating that the intestate had given an order on Hill and others, executors of his father, directing them to pay the plaintiff 501. 11s. 8d. out of his part of his father’s estate: that the intestate afterwards fraudulently prevented the plaintiff from receiving this sum, and himself received it, by reason whereof he became liable to pay, &c. and in consideration thereof assumed, &c.
The defendant pleaded io the original declaration non assumpsit, and non assumpsit within five years. These pleas were not withdrawn, but a new plea of non assump-sit appears to have been put in to the amended declaration.
A verdict was found for the defendant and judgment entered accordingly. The plaintiff filed a bill of exceptions, which states, that, at the trial of the cause, he offered in evidence an account containing debits and credits, which is stated at large ; (the charges in which bear date previous to the year 1787;) and a deed of bargain and sale in the usual form, from the plaintiff to the defendant’s intestate, for a tract of land, with a receipt for the purchase money indorsed, bearing date on the 28th September, 1797 ; and moreover proved by oral testimony that the land charged in the account was the same land conveyed by the deed; that the intestate died in May, 1798; that, twelve or thirteen months before he died he told a creditor of the plaintiff that he would pay the plaintiff’s debts, that the plaintiff proved by said creditor that the defendant’s intestate told him he had bought land of the plaintiff, and would pay his debt to him, amounting to above 201. that it was afterwards paid, not by the defendant’s intestate, but by a certain John Hoskins; and that, within five years before his death, the said intestate bought of the plaintiff five acres of land, worth thirty shillings the acre; that the defendant moved the Court to expunge all the charges in the account dated five years before the death of the intestate, which the Court decided should be done, and directed the Jury to disregard the charges in the said account.
Randolph, for the appellant. The question does not depend on the genuineness of the account, but on the instructions of the Court, by which the Jury were directed to disregard the items, and thereby the plaintiff was prevented from going into his proofs before the Jury. The County Court ought to have exercised its own discretion, and not left it to the Jury to expunge the items. The law *is express upon this subject, (b) Notwithstanding the language of the law is explicit that the-Court shall, in suits brought on open accounts against executors or administrators, cause every item to be expunged which appears to have been due five years before the death of the testator or intestate, yet, *174 there are cases in which it may be necessary to retain them: for instance, where a person comes within some of the exceptions of the law; or where there has been a subsequent assumpsit within the five years.
If any items of debit be expunged, correspondent items of credit ought also to be ■expunged. In this case, there are credits dated on the same day with debits amounting to the same sum. Subjects which are ■correlative ought to share the same fate.
The item of the draft on Hill & Co. stands •on a writing, and not on an open account. It consequently ought not to have been expunged.
With respect to the item for a tract of land, it was something more than a mere matter of account: the deed shews the cause of the debt, and the claim may be traced back to that instrument. This debit was created in less than five years before the death of the intesta+e; and the receipt for the purchase money, being a mere matter of form, would not prevent a recovery.
JUDGE LYONS
asked whether general indebitatus assumpsit would lie for the price of a tract of land. He had always understood the practice to be, to bring a special action, stating the circumstances of the contract.
Wickham, for the appellee. It was impossible for the County Court to have decided otherwise than it did. The law is positive that such items as bear date five years before the death of the testator or intestate, shall be expunged. As to the objection that the Court directed the Jury to disregard the items, it cannot seriously be relied on. The law does not direct any one of the magistrates to perfornrthe manual operation of expunging the items, and it is physically impossible for all to do it. The direction of the Court to the Jury, was substantially the same, as if the act had been performed by the Court itself. But, in effect, the Court did it; because the Court directed it to be done. It would be strange, indeed, if the Court should, in a mere formal manner, erase the items of an account, and still leave it to the Jury to decide on the evidence respecting them. It is said, however, that circumstances may *occur which would render it improper to adhere to the strict letter of the law; such as parties coming within the exceptions of the act, or a reacknowledgment of the debt within five years before the death of the testator. It is admitted that this last is an important question ; and whenever it shall come directly before the Court, it will deserve a very serious consideration. But it does not occur in the present case.
Whether the corresponding credits ought to have been struck out or not is of no consequence, in this case as all the items bear date more than five years before the death of the intestate. The plaintiff had no debits, and the defendant could not have had a judgment for his credits.
General indebitatus assumpsit will not lie for the use and occupation of land, because it savours of the realty; a fortiori it will not lie for the price of the land itself. The receipt for the purchase money is said to be merely formal; but still a man cannot, in a Court of law, go into evidence to contradict his own deed under hand and seal. The mere general declarations of the intestate, that he would pay the debts of the plaintiff, has no weight. They cannot be applied to this demand; and he might have intended to become his security for the payment of his debts to others.
But, independently of the act of Assembly, this account ought not to have gone to the Jury. Nothing can go in evidence to the Jury, unless it applies to some count in the declaration. The item for the price of the land ought to have been struck out, because it is a subject for which an action is not sustainable, in the form in which this suit was brought. Here are four distinct causes of action blended in one count; and, if general indebitatus as-sumpsit will not lie for the land, then the mere circumstance of blending that subject with others and demanding one entire sum vitiates the whole count.
The count upon the order on Hill & Co. could not be supported, because it states no consideration whereon to found an assump-sit.
Randolph, in reply. As to the objection that general indebitatus assumpsit will not lie for the price of a tract of land; suppose after making the deeds, in which the receipt of the purchase money is formally acknowledged, the vendee promises to pay it, would not this be a sufficient foundation for an assumpsit? On the same principle, if a capias ad satisfaciendum, be taken out, and on a promise of payment by the debtor the execution is suspended by the ^creditor, although another execution cannot issue, yet an action maybe maintained on the promise. The item for the land is charged within less than five years before the death of the intestate, and therefore ought not to be expunged. But it is said, that the whole count in which the price of the land is declared for is vitiated, because that subject is introduced into it. Is there any reason why all matters which may be consolidated in one declaration, may not be blended in one count? The objection has no principle to support it. Besides, this is not the time to make an objection to the declaration: it should have been done by a demurrer.
Curia advisare vult.
Wednesday, July 1. By the whole Court, consisting of JUDGES LYONS, FLEMING, and TUCKER, (JUDGE ROANE being absent, occasioned by indisposition,) the judgment of the District Court was affirmed.

 See Rev. Code, vol. 1, c. 92, s. 56, p. 167.